Hon. Karen Burstein Chairperson Temporary State Commission on Workers' Compensation and Disability Benefits
The director and counsel of the Temporary State Commission on Workers' Compensation and Disability Benefits, of which you are the chairperson, has requested our opinion whether the three ex officio members of the Commission are empowered to vote.
The enabling act establishes the Commission as a twelve member body. Nine members are appointed by the Governor, one upon the recommendation of the temporary president of the Senate; one upon the recommendation of the speaker of the Assembly; one upon the recommendation of the minority leader of the Senate; one upon the recommendation of the minority leader of the Assembly; one representing organized labor; one from the business community; one representing the public at large; and two members of the Governor's choosing (L 1983, ch 415 [§ 25]). It is further provided that "[t]he commissioner of labor, the chairman of the workers' compensation board, and the superintendent of insurance shall serve as ex-officio members of the commission" (ibid.).
The law directs the "Commission" to undertake certain responsibilities and does not in any way distinguish between those members serving exofficio and the remaining members appointed by the Governor (ibid.). There is no indication that the Legislature intended any restrictions on the powers of ex officio members of the Commission (ibid.). Ordinarily, membership on a board or body, including ex officio membership, carries with it a right to vote (Matter of Farrell v Board of Health, Oswego,243 App. Div. 332 [4th Dept, 1935]). A limitation on this power must be expressly established and such a limitation will be strictly construed (ibid.).
We note that as to other entities having ex officio members on their governing bodies, the Legislature has expressly denied the ex officio
members the right to vote (see § 4[1] of the Soil and Water Conservation Districts Law establishing the membership of the New York State Soil and Water Conservation Committee; and § 43 of ch 567 of the Laws of 1983 establishing the membership of the Temporary State Commission on Banking, Insurance and Financial Services). We assume that if the Legislature had desired to restrict the voting rights of the exofficio members of the Temporary State Commission on Workers' Compensation and Disability Benefits, it easily could have done so as in the case of the above-mentioned entities.
We conclude that the ex officio members of the Temporary State Commission of Workers' Compensation and Disability Benefits have the power to vote.